USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/21/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELANIE FLANDERS,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

21-CV-2867 (AT) (BCM)

**REPORT AND RECOMMENDATION TO THE HONORABLE ANALISA TORRES**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated June 28, 2024 (Dkt. 35), filed pursuant to 42 U.S.C. § 406(b), plaintiff Melanie Flanders seeks an order approving an award of $16,267.25 to her attorneys, payable out of her past-due disability benefits, for the work that counsel performed in this action. The motion falls within the scope of my reference. (*See* Dkt. 7.) For the reasons that follow, I recommend that the motion be granted. The Social Security Administration (SSA) should be directed to approve a payment of $16,267.25 to plaintiff's counsel, out of her past-due benefits, and counsel should be directed, upon receipt of the award, to refund $7,075.00 to plaintiff, representing fees previously awarded to counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

## Background

Plaintiff applied for disability benefits beginning June 30, 2017, but the SSA denied her application. Compl. (Dkt. 1) ¶¶ 5-6. Plaintiff requested a hearing before an administrative law judge (ALJ), but after that hearing the ALJ again denied plaintiff's claim. *Id.* ¶ 6. On February 2, 2021, the Appeals Council denied review, making the decision of the ALJ final. *Id.* ¶ 7. On April 3, 2021, plaintiff timely filed this action, and on November 1, 2021, the Commissioner of Social Security (Commissioner) filed the administrative record. (Dkt. 17.) On April 1, 2022, plaintiff filed her motion for judgment on the pleadings. (Dkt. 22.) On April 13, 2022, on the parties stipulation, the Court remanded the action for further administrative proceedings. (Dkt. 25.) On July 22, 2022,

the Court awarded $7,075.00 in fees and $17.58 in expenses reimbursement to plaintiff's attorneys pursuant to the EAJA. (Dkt. 31.) On remand, the SSA found plaintiff disabled as of December, 2017, and on May 20, 2024, it issued a Notice of Award stating that plaintiff was entitled to past-due benefits in the amount of $25,258.00. *See* Olinsky Decl. (Dkt. 36) ¶ 4; *id.* Ex. B (5/20/24 Not. of Award) at 3.

On April 1, 2021 – just before this action was filed – plaintiff entered into a Retainer Agreement (Agreement) with Olinsky Law Group (OLG). Olinsky Decl. Ex. A. Under the Agreement, if this Court remanded plaintiff's case to the SSA (which it did), and if, on remand, plaintiff secured an award of past due benefits (which she has), OLG is to be compensated "a fee up to 25% of the past due benefits for work before the court." Agreement § 3.

Ordinarily, a fee application pursuant to § 406(b) must be made within made within fourteen days of receiving the notice of award. *See* Fed. R. Civ. P. 54(d)(2)(B); *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019) ("Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions"). However, plaintiff did not file her fee motion upon receipt of the May 20, 2024 notice. Instead, through her counsel, she disputed the past-due amount, making "multiple attempts" to prompt the SSA to recalculate that figure. Olinsky Decl. ¶ 5. During a June 12, 2024 phone call between counsel and the agency, an SSA analyst agreed that the May 20 figure was incorrect. *Id.* ¶ 6. Counsel calculated that plaintiff was entitled to $65,069.00, *id.*, and on June 27, 2024, "obtain[ed] oral confirmation" that this calculation was correct. *Id.* ¶ 9.

One day later, on June 28, 2024, plaintiff filed the instant motion, requesting an award of $16,267.25 (25% of $65,069.00). Olinsky Decl ¶ 8. She also requested that the Court "toll the 14-day deadline to file this motion under the specific circumstances of this case and find this motion is timely." *Id.* ¶ 9.

2

On August 28, 2024, the SSA issued an Amended Notice of Award, recalculating plaintiff's award and stating that she is entitled to $72,615.20 in past-due benefits. *See* Comm'r Resp. (Dkt. 40) at 2; *id.* Ex. A (8/28/24 Not. of Award) at 1-2. The SSA has withheld $18,153.80 (25% of $72,615.20) "in case we need to pay your lawyer." 8/28/24 Not. of Award at 2.

The Commissioner does not object to plaintiff's motion, but asks that the Court "direct that Plaintiff's counsel reimburse Plaintiff the fees he previously received under EAJA." Comm'r Resp. at 2-3; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002) ("Fee awards may be made under both [section 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits.") (cleaned up). Plaintiff's counsel has acknowledged his obligation to refund his EAJA award to his client upon payment of his § 406(b) award. Olinsky Decl. at 6.

## **Legal Standard**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made, *see Sinkler*, 932 F.3d at 85-88, and then reviews the request for reasonableness. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

3

claimants in court." *Gisbrecht*, 535 U.S. at 807. Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations and quotation marks omitted), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

### Application

I first address the issue of timeliness. The original Notice of Award was issued on May 20, 2024, and stamped "Received," by OLG, on "May 23, 2024." *Id.* Plaintiff's fee motion was not filed until June 28, 2024, thirty-five days later. However, the Second Circuit has made clear that Rule 54's fourteen-day limitations period "is not absolute," and that "district courts may enlarge th[e] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89. Where, as here, a notice of award turns out to be incorrect, courts in this Circuit have held that the start of the fourteen-day filing period should be tolled until the date counsel receives the corrected notice of award. *See Debra J. S. v. Comm'r of Soc. Sec.*, 2020 WL 1180774, at *3 (N.D.N.Y. Mar. 12, 2020).

Here, plaintiff filed her motion one day after receiving "oral confirmation" that her counsel's calculation of past-due benefits was correct, and two months *before* the SSA issued the Amended Notice, which entitles plaintiff to an even larger past-due award. Under the

circumstances, plaintiff's time to move for fees should be tolled until fourteen days after August 28, 2024 (the date the Amended Notice was issued), making the present motion timely.[1]

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested fee is within the 25% statutory limit. 42 U.S.C. § 406(b)(1)(A). In fact (as the Commissioner explains) because plaintiff's past-due award was recalculated to $72,615.20, the requested fee award falls below the 25% statutory limit. *See* Comm'r Resp. at 1-2. Moreover, there is no evidence in the record that the Agreement was the result of fraud or overreach. Nor would the contingency fee award constitute a windfall to OLG, which expended 30.9 hours of attorney time (approximately 21 hours billed by Andrew Flemming, 5 hours by Howard Olinsky, and 4 hours by various other timekeepers) and 7.2 hours of paralegal time on this action. *See* Olinsky Decl. Exs. D, E. This includes the time spent reviewing the administrative record and drafting and filing a 23-page memorandum of law in support of plaintiff's motion for judgment on the pleadings. Only after that filing did the Commissioner stipulate to remand this case for further administrative proceedings. In those proceedings, plaintiff secured the relief she sought: a finding of disability and a substantial award of past due benefits. Olinsky Decl. ¶ 10. Accordingly, each factor favors approval. *Marden v. Comm'r of Soc. Sec.*, 2024 WL 4499312, at *3 (S.D.N.Y. Oct. 16, 2024) (recommending approval of a similar contingency fee agreement between a social security claimant and OLG).

The only remaining question is whether the requested award of $16,267.25 "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Counsel's timesheets reflect

---

[1] I note however, for the benefit of counsel, that the prudent course of action would have been to request an extension of the time to file the instant application before the limitations period expired. *See, e.g., Jamie B. v. Comm'r of Soc. Sec.*, 2024 WL 3982297, at *2 (W.D.N.Y. Aug. 29, 2024) (application was timely where plaintiff requested extension while waiting for corrected notice).

that OLG timekeepers spent a total of 38.1 hours working on this action, Olinsky Decl. Ex. C, which, when divided into the $16,267.25 sought, implies a de facto hourly rate of $427. Although it may be "difficult to justify" such a rate in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a fee award on "windfall" grounds, our Circuit requires that the court consider:

(i) the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii) "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii) "the satisfaction of the disabled claimant"; and

(iv) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-56.

While the motion does not address the ability and experience of Olinsky and his firm, "courts in this District have found that 'Olinsky is well experienced in handling social security cases,'" *Foley v. Kijakazi*, 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) (quoting *Cutajar v. Comm'r of Soc. Sec.*, 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021)), and "Courts in this District have also recognized the impressive experience of Olinsky's firm more broadly." *Brockington v. Comm'r of Soc. Sec.*, 2024 WL 3639219, at *3 (S.D.N.Y. June 28, 2024), *adopted*,

6

2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024) (approving an aggregate award of $15,000 for 15.7 hours of OLG work).

Here, OLG attorneys digested a 1045-page administrative record and secured a stipulation remanding the matter to the SSA without the need for further motion practice. (*See* Dkts. 17, 25.) Consequently, the factor concerning the "ability and expertise of the lawyers" furnishes no basis for reducing the requested fee.

OLG has represented plaintiff since early 2021. *See* Agreement at 1. While the Court has not received (and does not expect) a testimonial from plaintiff Flanders, the fact that the attorney-client relationship continued for almost four years, until Flanders was awarded past due benefits in the aggregate amount of $72,615.20, indicates that neither the nature and length of the professional relationship, nor the satisfaction of the claimant, would raise grounds for reducing OLG's fee award.

Finally, with regard to the "uncertainty" factor, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; see also *Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."); *Nieves v. Colon*, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (payment is "inevitably uncertain, and any reasonable fee award must take account of that risk"). Here, OLG faced an uncertain outcome, but persisted in its representation. Accordingly, I conclude that the $16,267.25 now requested does not constitute a windfall to OLG.

**Conclusion**

For these reasons, I recommend that plaintiff's motion (Dkt. 35) be GRANTED; that the Social Security Administration be directed to approve a payment of $16,267.25 to plaintiff's counsel, out of her past-due benefits; and that counsel should be directed, upon payment of the § 406(b) award, to refund $7,075.00 to plaintiff.

Dated: New York, New York
November 21, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court and delivered to the Hon. Analisa Torres in accordance with Judge Torres's individual rules of practice. Any request for an extension of time to file objections must be directed to Judge Torres. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).